UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCES GALVAN,<br><br>Defendant. | No. 1:16-cr-00122-DAD-BAM<br><br>ORDER DENYING DEFENDANT FRANCES GALVAN'S MOTION TO VACATE, SET ASIDE, OR CORRECT HER SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. Nos. 338, 352) |

Pending before the court is defendant Frances Galvan's *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.[1] (Doc. No. 338.) The court has considered the parties' briefing and, for the reasons set forth below, will deny defendant's motion.

**BACKGROUND**

On July 28, 2016, defendant Galvan was indicted and charged with one count of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii). (Doc. No. 38.) On August 28, 2017, defendant

---

[1] The undersigned apologizes for the delay in the issuance of this order. This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district has reached crisis proportion. Unfortunately, that situation sometimes results in a submitted matter being overlooked for a period of time and that occurred with respect to this motion.

1

entered a guilty plea before the undersigned to the sole count alleged in the superseding information: conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(c). (Doc. No. 174; *see also* Doc. Nos. 144, 166, 176.) Pursuant to her plea agreement, defendant waived her right to appeal or collaterally attack her conviction or sentence, except for non-waivable claims. (Doc. No. 144 at 3–4.) Defendant was represented by counsel during her plea negotiations, the entering of her plea, and at sentencing. (*See* Doc. Nos. 144, 174, 206.)

At defendant's December 11, 2017 sentencing hearing (Doc. No. 206), the court adopted the sentencing recommendation of the presentence report, noting that the recommendation was consistent with the parties' plea agreement, and sentenced defendant Galvan to a 57-month term of imprisonment, which was the low end of the applicable advisory guideline range. (Doc. No. 347 at 6.)

On March 27, 2019, defendant Frances Galvan, proceeding *pro se,* filed the pending motion to vacate, set aside or correct her sentence brought pursuant to 28 U.S.C. § 2255. (Doc. No. 338.) Therein, defendant contends that she was not of sound mind at or around the time she entered her plea or at the time of her sentencing, her attorneys were ineffective, and the sentence imposed by this court was unduly harsh. (*Id.* at 4–5.)

On April 3, 2019, the court issued an order setting a briefing schedule and directing the government to respond to the pending motion. (Doc. No. 342.)

On July 2, 2019, the government filed its response, styled as a "motion to dismiss, partial alternative response, and motion for partial waiver of attorney-client privilege." (Doc. No. 352.) The court will construe this filing as an opposition to defendant's § 2255 motion. Therein, the government argues that defendant Galvan's motion is untimely and even it was timely, the claims she asserts therein fail to state a cognizable claim for relief.[2] (*See generally id.*)

/////

---

[2] In the alternative, the government requests that the court find that defendant has waived her attorney-client privilege as to her claims so that it can fully respond to them. (Doc. No. 352 at 9–10, 12.) Because the court will deny defendant's motion to vacate her sentence, the court need not address the government alternative request.

The court's order setting a briefing schedule provided defendant Galvan an opportunity to file a reply to the government's opposition (Doc. No. 342 at 1) but defendant did not do so.

**LEGAL STANDARD**

Title 28 U.S.C. § 2255 allows a federal prisoner to move the sentencing court to vacate, set aside, or correct the sentence if he claims the right to be released upon any of the following four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *see also United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002).

Rule 4 of the Rules Governing Section 2254 and 2255 Cases provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

**DISCUSSION**

**A.    Defendant Galvan's § 2255 Motion is Untimely**

A one-year statute of limitations applies to all motions filed under § 2255. 28 U.S.C. § 2255(f).

> The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Defendant Galvan does not contend, and it does not appear to the court, that any of the circumstances outlined in § 2255(f)(2)–(4) apply here, thus defendant's one-year window to file

3

the pending motion for relief under § 2255 began on the date on which the judgment of her conviction became final.

In the context of § 2255 motions, "a judgment becomes final when the time has passed for appealing the district court's entry of the judgment." *United States v. Colvin*, 204 F.3d 1221, 1222 (9th Cir. 2000). Defendant's judgment of conviction was entered by the court on December 12, 2017. (Doc. No. 207.) Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), defendant thereafter had fourteen days to file her notice of appeal. Defendant did not appeal from her conviction and sentence. Thus, defendant's judgment of conviction became final on December 26, 2017. Accordingly, her deadline for filing a § 2255 motion expired on December 26, 2018. Defendant filed the pending motion on March 27, 2019, three months after the one-year statute of limitations had expired. (Doc. No. 338.)

Because the pending motion was filed after the applicable one-year statute of limitations expired and because defendant has not argued, let alone established, that she is entitled to equitable tolling of that statute of limitations, the court finds that the pending § 2255 motion is time barred.

**B.     It Plainly Appears from the Motion and the Record that Defendant Galvan is Not Entitled to Relief**

Although defendant's motion is untimely, the court will nevertheless address the substance of her claims because the gravamen of the pending motion is that she was not competent at or around the time she entered her plea and at the time of her sentencing.

In this regard, defendant contends that she "was heavily medicated at the time of [her] sentencing and did not know how to appeal [her] case." (Doc. No. 338 at 4.) She argues that she was denied a psychiatric evaluation before she signed her plea agreement, and that she therefore "had little knowledge of [her] case and [her] attorney[s] failed to explain things to [her] . . .." (*Id.* at 5.) At bottom, defendant claims that "[her] mental state at that time did not comprehend the court and sentencing situation." (*Id.*)

/////

/////

As the Ninth Circuit has explained,

> [w]hen a § 2255 petitioner's claim of incompetence due to the ingestion of drugs is conclusory or inherently incredible, a district court has the discretion to dismiss the petition without a hearing. When the allegations move beyond bald, conclusory or incredible assertions, however, a hearing is required unless the petition, files and record conclusively demonstrate that the petitioner was competent to plead guilty. Specific, credible evidence that an individual was under the influence of powerful narcotic drugs suffices to move a claim beyond a bald assertion of incompetence.

*United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004). "The burden [i]s on [the defendant] to establish that he was mentally incompetent at the time of his plea and sentence." *Mealer v. United States*, 383 F.2d 849, 850 (9th Cir. 1967).

Here, defendant Galvan has offered no argument, analysis, or evidence in support of her assertion that she was not competent at either the time of her entry of her guilty plea and/or at the time of her sentencing. *Cf. Howard*, 381 F.3d at 879–80 (finding that the defendant "move[d] [his] claim beyond a bald assertion of incompetence" because he alleged he was taking a strong medication at the time of his plea hearing which caused him to be "so befuddled he was unable to count, was 'incoherent' and 'almost devoid of sensible meaning' in his speech, was not 'in full possession of his mental faculties,' was 'narcoticized' and 'did not fully understand the nature and consequences of his agreement'"). Moreover, the record in this case reflects that defendant Galvan was competent at the time she entered her plea and at her sentencing, notwithstanding her use of prescription medications. Specifically, prior to accepting her guilty plea, the court had the following exchange with defendant:

> THE COURT: Have you been treated for mental illness?
>
> THE DEFENDANT: Yes, I have.
>
> THE COURT: Are you currently undergoing treatment?
>
> THE DEFENDANT: Yes, I am.
>
> THE COURT: Are you on prescription drugs of any kind in connection with that treatment?
>
> THE DEFENDANT: Yes, I am.

1    THE COURT: What drugs are those?

2    THE DEFENDANT: I don't have the name offhand on me.

3    THE COURT: Alright. Do they affect your ability to think clearly?

4    THE DEFENDANT: I need to take them for me to think right.

5    THE COURT: Alright. Are you currently --

6    THE DEFENDANT: I'm on medication right now, yes, I am.

7    THE COURT: And do you feel that, given the fact that you are on medication for your mental health, that you are, in fact, thinking clearly as we stand here today?

    THE DEFENDANT: Yes, I am. Yes.

(Doc. No. 346 at 6–7.) Later in the plea colloquy, the court asked:

   THE COURT: Alright. I'm a little bit concerned about the response to the question about respect to addiction to drugs. Ms. Galvan, are you nervous this morning?

   THE DEFENDANT: Yes, I am. Very nervous.

   THE COURT: Alright. Relax. This isn't –

   THE DEFENDANT: Okay.

   THE COURT: Take a deep breath. Is there any doubt in your mind that you fully understand today's proceedings?

   THE DEFENDANT: Yes, I understand. I do. I'm just nervous.

   THE COURT: Okay. That's alright. That's understandable. And do you feel that you're thinking clearly and understand what you're doing here today?

   THE DEFENDANT: Yes, I do. I do.

   THE COURT: Any doubt about that?

   THE DEFENDANT: No. No doubt at all.

   THE COURT: Alright. And counsel, do either of you have a doubt as to Ms. Galvan's competence to enter her plea at this time?

/////

6

>    MR. FOGDERUDE: Your Honor, on behalf of the defense, I do not have any doubt.
>
>    MS. ALSWORTH: No, Your Honor.
>
>    THE COURT: I find Ms. Galvan competent to enter a plea at this time.

(*Id.* at 8–9.) Immediately after finding defendant Galvan competent, the court asked her whether she had discussed her decision to enter a plea of guilty with her attorney and she answered that she had and that she was satisfied with her attorney's representation. (*Id.* at 9.)

At defendant Galvan's sentencing, the court asked defense counsel whether he had an opportunity to discuss the presentence report with defendant in detail and he responded that he had. (Doc. No. 347 at 4.) The court then asked defendant Galvan whether she had reviewed the presentence report and had an opportunity to discuss it with her attorney and she responded that she had. (*Id.*) At no point during her sentencing hearing did defendant or her counsel indicate to the court that she was not of sound mind or that she was "heavily medicated," nor did defendant or her counsel inform the court at sentencing that she was not of sound mind when she entered her plea over three months earlier.

Based on the foregoing, the court finds defendant has not carried her burden of establishing that she was mentally incompetent at or around the time she entered her plea and at sentencing. Accordingly, the court will also deny defendant's motion on that basis.[3]

Defendant's remaining arguments in seeking § 2255 relief are also unavailing. With respect to her contention that her counsel at sentencing was ineffective, defendant Galvan merely argues in conclusory fashion that "[her] attorney never advised [her] or even mentioned an appeal to [her]." (Doc. No. 338 at 4) Although she concedes that "[she] did sign a plea agreement," she

---

[3] The court also finds that an evidentiary hearing to determine whether defendant Galvan was competent at or around the time she entered her plea and at the time of her sentencing is not warranted. *Cf. Howard*, 381 F.3d at 881 ("The record reveals that Howard was under the influence of a powerful narcotic drug that could have affected his cognition; the only question is whether it actually did. That he could have been rendered incompetent, and specifically and credibly claims to have been so, is sufficient to tip the scales in favor of an evidentiary hearing on this aspect of his claim.").

7

contends that she did so "for four years with the old attorney," but that "[her] new attorney representing [her] at [her] sentencing [] failed to mention that to the Judge and [she] was sentenced to 4 years 9 months instead." (*Id.* at 5.)[4]

Defendant's arguments are belied by the record in this case, which demonstrates that she was advised of her appellate and collateral attack rights, that she knowingly waived those rights, that she understood each of the terms of her plea agreement, and that she was satisfied with her counsel's representation at the time she entered her plea of guilty. Under these circumstances, and absent any evidence or persuasive argument to the contrary, defendant Galvan has not met her burden of establishing that either of her attorneys provided her with constitutionally ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense.").

Next, defendant's claim that her sentence in this action was too harsh is not cognizable because she knowingly and voluntarily waived her right to challenge her sentence. (*See* Doc. No. 144 at 3–4); *see also United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) ("A knowing and voluntary waiver of a statutory right is enforceable.") (citing *United States v. Navarro–Botello*, 912 F.2d 318, 321 (9th Cir.1990)).

Finally, defendant Galvan notes that she is taking medication for various "medical and mental disorders," that she utilizes a walker, and has carpal tunnel in both hands. (Doc. No. 338 at 5.) She therefore asks the court for "a reduction in sentence due to [her] Medical condition." (*Id.* at 7.) It appears that in advancing these arguments defendant may be seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which authorizes a court to reduce a defendant's

---

[4] As noted above, on August 28, 2017, defendant Galvan entered her plea of guilty pursuant to a written plea agreement. (Doc. Nos. 144, 166, 174 & 176.) Thereafter, on October 30, 2017, the court granted her appointed counsel's motion to withdraw as counsel of record. (Doc. No. 194.) New counsel was appointed to represent the defendant on November 2, 2017 (Doc. No. 195), and defendant was sentenced on December 11, 2017. (Doc. No. 206.)

term of imprisonment if, among other reasons, it finds extraordinary and compelling reasons warranting such a reduction. Compassionate release pursuant to § 3582 requires that a defendant first exhaust her administrative remedies by requesting compassionate release from the warden of her facility prior to filing her motion with the court. 18 U.S.C. § 3582(c)(1)(A).

Setting aside the fact that defendant appears to assert a request for her compassionate release in the pending § 2255 motion, rather than in a separate motion properly brought pursuant to 18 U.S.C. § 3582, her compassionate release request will nevertheless be denied. As an initial matter, defendant does not allege that she requested compassionate release from the warden at her prison of confinement or that she otherwise complied with the administrative exhaustion requirements of § 3582. Moreover, while the medical condition of a defendant may warrant the granting of compassionate release by the court where the defendant "is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)," U.S.S.G. § 1B1.13, cmt. n.1(A)(i), here, defendant does not argue that her medical conditions are serious, much less that she is unable to manage her conditions and provide for self–care while incarcerated. Indeed, even "[c]hronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, No. 1:16-cr-00130-DAD, 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020).

## CONCLUSION

For the reasons set forth above, defendant Galvan's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 338) is denied. The Clerk of the Court is also directed to administratively terminate the government's filing (Doc. No. 352) styled as a "motion to dismiss."

IT IS SO ORDERED.

Dated: **October 11, 2020**  
_____  
UNITED STATES DISTRICT JUDGE